UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUDESH PETERS and YOGENDRA PETERS,<br><br>                                                    Plaintiff,<br><br>-against-<br><br>CITY OF NEW YORK, GERARD P. FENTON, and POLICE OFFICERS JOHN DOE #1-10 (the names of whom are presently unknown but who were assigned to the 113th Precinct),<br><br>                                                    Defendants. | Case No:  25-cv-1548<br><br>COMPLAINT<br><br>PLAINTIFFS DEMAND A TRIAL BY JURY |

Plaintiffs, appearing by their attorneys, Roth & Roth LLP, hereby allege against defendants as follows:

### I. Preliminary Statement

1. This is a civil rights action brought pursuant to 42 U.S.C. §§ 1983 and 1988, seeking monetary damages for violations of plaintiffs' rights secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and the New York City Administrative Code.

2. On December 9, 2023, Sergeant Gerard P. Fenton, while off-duty and without identifying himself as a police officer, unlawfully threatened plaintiffs with deadly force, falsely arrested them, and maliciously prosecuted them, all without probable cause or legal justification.

3. Plaintiff brings this civil rights action for compensatory and punitive damages to redress the deprivation, under color of state law, of rights secured to him

under the First, Fourth and Fourteenth Amendments of the United States Constitution, and pursuant to New York City Administrative Code § 8-803(b).

## II. Jurisdiction

4.     Jurisdiction is conferred upon this Court by 28 U.S.C. §1343, which provides for original jurisdiction over all actions brought pursuant to 42 U.S.C. §1983, by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. The Court has pendent jurisdiction over plaintiff's New York City Administrative Code § 8-803(b) claims pursuant to 28 U.S.C. §1367.

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as this is the district where the claims arose.

## III. Parties

6.     Plaintiff SUDESH PETERS is a resident of Queens County, City and State of New York.

7.     Plaintiff YOGENDRA PETERS is a resident of Queens County, City and State of New York

8.     Defendant City of New York ("City") is a municipal corporation, incorporated pursuant to the laws of the State of New York.

9.     Defendant CITY maintains the New York Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York

State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

10. Defendant GERARD P. FENTON (Shield #1430), and POLICE OFFICERS JOHN DOE #1-10 (collectively "Defendant Officers") were at all times relevant to this complaint, duly sworn police officers of the NYPD, and were acting under color of law and under the supervision of the NYPD and according to their official duties. Plaintiff asserts his claims against the Defendant Officers in both their official and individual capacities.

11. At all times relevant herein, the Defendant OFFICERS either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

12. Each and all of the acts of the Defendant OFFICERS alleged herein were done by said Defendants while acting within the course and scope of their duties and functions as agents, servants, employees and officers of the Defendant CITY.

13. Each and all of the acts of the Defendant OFFICERS alleged herein were done by said defendants while acting in furtherance of their employment by Defendant CITY.

### IV. Facts

14. On December 9, 2023, at approximately 6:00 AM, plaintiffs Sudesh Peters and Yogendra Peters were traveling to a mechanic job in Medford, Long Island.

15. Plaintiff Sudesh Peters was driving a 2007 Honda Odyssey minivan with license plate number LCG-7519, which they had permission to use from its owner, Kirstie Dhanpaul (Sudesh Peters' girlfriend). Plaintiff Yogendra Peters was in the front passenger seat.

16. At approximately 6:00 AM, plaintiffs stopped at the Mobil gas station located at 149th Street and Sutphin Boulevard, Jamaica, NY 11436.

17. While Sudesh Peters was pumping gas, defendant Sergeant Fenton, who was off-duty and driving a brownish Mercedes-Benz with tinted windows, confronted him about his driving.

18. Sergeant Fenton was wearing civilian clothes (a grey jacket and blue jeans) and did not identify himself as a police officer or display a badge.

19. When Sudesh Peters responded that he did not care about Sergeant Fenton's opinion of his driving, Sergeant Fenton became aggressive and threatened to "fuck up" Sudesh Peters.

20. When Yogendra Peters exited the vehicle to check on his brother, Sergeant Fenton drew his firearm and pointed it at Sudesh Peters's chest.

21. Both plaintiffs immediately raised their hands and froze in place.

22. Sergeant Fenton shouted "I am going to shoot you in the fucking face" while continuing to point his weapon at plaintiffs.

23. Fearing for their lives, plaintiffs slowly returned to their vehicle.

24. Sergeant Fenton positioned himself between the gas pumps and the driver's door, continuing to point his firearm at Sudesh Peters's face.

25. Believing they would be shot if they remained, plaintiffs slowly drove away from the gas station.

26. Plaintiffs drove across the street and attempted to obtain Sergeant Fenton's license plate number to report his threatening conduct.

27. Sergeant Fenton pursued plaintiffs in his vehicle without his lights on.

28. Plaintiffs drove directly to the nearest police precinct, the 113th precinct, located at 167-02 Baisley Boulevard, South Jamaica, NY.

29. At the precinct, plaintiffs immediately reported Sergeant Fenton's threatening conduct – still not realizing Fenton was an NYPD Officer.

30. Instead of investigating Plaintiffs' complaint, NYPD officers arrested both plaintiffs based on Sergeant Fenton's false allegations.

31. Upon plaintiffs' arrival at the precinct, defendants JOHN DOE #1-10, who were on duty at the 113th Precinct, participated in plaintiffs' false arrest by seizing and arresting them, searching them, placing them in handcuffs, and placing them in holding cells.

32. While plaintiffs were at the precinct, FENTON fabricated his account of his interaction with plaintiffs, falsely claiming that Sudesh Peters was driving recklessly and that both Sudesh and Yogendra Peters menaced him.

33. FENTON initiated the malicious prosecution of Plaintiffs by causing his false account of his interaction with them to be reported in their charging paperwork, which was forwarded to the District Attorney's Office.

34. FENTON and the other officers lacked reasonable or probable cause to arrest Plaintiff Sudesh Peters, or charge him with any crime or violation.

35. At no time did Sudesh Peters drive recklessly or menace FENTON.

36. FENTON and the other officers lacked reasonable or probable cause to arrest Plaintiff Yogendra Peters, or charge him with any crime or violation.

37. At no time did Yogendra Peters menace FENTON.

38. After approximately 17 hours in holding cells at the 113th precinct, plaintiffs were transported to Queens Central Booking.

39. Plaintiffs were held in custody for approximately 24 hours at Queens Central Booking before being arraigned and released from custody.

40. Plaintiffs were held in custody for a total of approximately 41 hours - 17 hours at the precinct and 24 hours at central booking.

41. Following the arrest, the NYPD seized and retained plaintiffs' phones, tools, and Ms. Dhanpaul's vehicle.

42. Plaintiffs were both falsely charged with Menacing in the Third Degree for allegedly menacing FENTON.

43. Plaintiff Sudesh Peters was also falsely charged with Reckless Driving and Aggravated Unlicensed Operation of a Motor Vehicle in the Third Degree.

44. All the false charges against both Plaintiffs were eventually dismissed in their entirety on March 11, 2024.

45. As a result of defendants' actions, plaintiffs suffered loss of liberty,

emotional distress, property damages and economic damages from the inability to work without their tools and vehicle.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### FALSE ARREST UNDER 42 U.S.C. § 1983
(As to Plaintiff SUDESH Peters)

46. All preceding and subsequent paragraphs are incorporated by reference.

47. Defendant Fenton and the John Doe defendants arrested Plaintiff Sudesh Peters.

48. The arrest was made in the absence of a warrant.

49. The arrest was made in the absence of probable cause.

50. The Individual Defendants arrested plaintiff Sudesh Peters without having exigent circumstances for doing so.

51. There was no other authority for the arrests of plaintiff Sudesh Peters.

52. Plaintiff Sudesh Peters was conscious of the arrest.

53. Plaintiff Sudesh Peters did not consent to the arrest.

54. Individual Defendants' actions were willful, malicious, oppressive, and/or reckless, and were of such a nature that punitive damages should be imposed.

55. As a result of the above constitutionally impermissible conduct, Plaintiff Sudesh Peters was caused to suffer economic injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, economic damages, legal expenses and damages to their reputation and standing within his community.

## SECOND CLAIM FOR RELIEF
### FALSE ARREST UNDER 42 U.S.C. § 1983
(As to Plaintiff YOGENDRA Peters)

56. All preceding and subsequent paragraphs are incorporated by reference.

57. Defendant Fenton and the John Doe defendants arrested Plaintiff Yogendra Peters.

58. The arrest was made in the absence of a warrant.

59. The arrest was made in the absence of probable cause.

60. The Individual Defendants arrested plaintiff Yogendra Peters without having exigent circumstances for doing so.

61. There was no other authority for the arrests of plaintiff Yogendra Peters.

62. Plaintiff Yogendra Peters was conscious of the arrest.

63. Plaintiff Yogendra Peters did not consent to the arrest.

64. Individual Defendants' actions were willful, malicious, oppressive, and/or reckless, and were of such a nature that punitive damages should be imposed.

65. As a result of the above constitutionally impermissible conduct, Plaintiff Yogendra Peters was caused to suffer economic injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, economic damages, legal expenses and damages to their reputation and standing within his community.

## THIRD CLAIM FOR RELIEF
### Malicious Prosecution Under 42 U.S.C. § 1983
(As to Plaintiff SUDESH Peters)

66. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

67. The Individual Defendants, acting in concert with each other, knowingly, willfully, and deliberately initiated, continued, or caused the initiation or continuation of criminal proceedings against Plaintiff Sudesh Peters, causing his loss of liberty.

68. At no time did Defendant Fenton have reasonable or probable cause to believe that Sudesh Peters had committed a violation of VLR 1212 or any other section of the VTL, or that he had committed any other crime or violation.

69. Nevertheless, Defendant Fenton caused Sudesh Peters to be maliciously prosecuted by falsely reporting that Sudesh had been recklessly driving and that he menaced him, when in fact Fenton had unlawfully threatened Sudesh with deadly force while failing to identify himself as a police officer.

70. The criminal proceedings terminated in Sudesh Peters's favor on March 11, 2024.

71. There was no probable cause for the commencement or the continuation of the criminal proceedings against Sudesh Peters, and the Individual Defendants knew this.

72. The Individual Defendants acted with malice.

73. The Individual Defendants' actions were willful, malicious, oppressive, and/or reckless, and were of such a nature that punitive damages should be imposed.

74. By virtue of the foregoing, the Individual Defendants are liable under 42 U.S.C. § 1983 for the violation of Sudesh Peters's rights under the Fourth, Fifth,

and Fourteenth Amendments to the United States Constitution, and for all resultant damages.

### FOURTH CLAIM FOR RELIEF
### Malicious Prosecution Under 42 U.S.C. § 1983
(As to Plaintiff YOGENDRA Peters)

75. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

76. The Individual Defendants, acting in concert with each other, knowingly, willfully, and deliberately initiated, continued, or caused the initiation or continuation of criminal proceedings against Plaintiff Yogendra Peters, causing his loss of liberty.

77. Defendant Fenton caused Yogendra Peters to be maliciously prosecuted by falsely reporting that Yogendra had menaced him, when in fact Fenton had unlawfully threatened Yogendra and his brother with deadly force while failing to identify himself as a police officer.

78. The criminal proceedings terminated in Yogendra Peters's favor on March 11, 2024.

79. There was no probable cause for the commencement or the continuation of the criminal proceedings against Yogendra, and the Individual Defendants knew this.

80. The Individual Defendants acted with malice.

81. The Individual Defendants' actions were willful, malicious, oppressive, and/or reckless, and were of such a nature that punitive damages should be imposed.

82. By virtue of the foregoing, the Individual Defendants are liable under 42 U.S.C. § 1983 for the violation of Yogendra Peters's rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and for all resultant damages.

### FIFTH CLAIM FOR RELIEF
### Fabrication of Evidence Under 42 U.S.C. § 1983
(As to Plaintiff SUDESH Peters)

83. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

84. The Individual Defendants, acting individually and in concert, deprived Plaintiff Sudesh Peters of his clearly established constitutional rights under the Fourteenth Amendment of the United States Constitution, including the right to a fair trial.

85. Specifically, the Individual Defendants fabricated paperwork falsely claiming that Sudesh had engaged in reckless driving and menaced Sergeant Fenton, when in fact Sergeant Fenton had unlawfully threatened Sudesh with deadly force while failing to identify himself as a police officer.

86. By deliberately manufacturing false evidence and forwarding that fabricated evidence to prosecutors, these Defendants caused Sudesh Peters to be arrested, detained, charged, and maliciously prosecuted in violation of his rights pursuant to the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, to due process of law, and to a fair trial.

87. The Individual Defendants performed the above-described acts under color of state law, intentionally, with reckless disregard for the truth, and with deliberate indifference to Sudesh Peters's clearly established constitutional rights.

88. The Individual Defendants' actions were willful, malicious, oppressive, and/or reckless, and were of such a nature that punitive damages should be imposed.

89. By virtue of the foregoing, the Individual Defendants are liable under 42 U.S.C. § 1983 for the violation of Sudesh Peters's rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and for all resultant damages.

### SIXTH CLAIM FOR RELIEF
**Fabrication of Evidence Under 42 U.S.C. § 1983**
(As to Plaintiff SUDESH Peters)

53. All preceding and subsequent paragraphs are incorporated by reference.

54. The Individual Defendants, acting individually and in concert, deprived plaintiffs of their clearly established constitutional rights under the Fourteenth Amendment of the United States Constitution, to a fair trial.

55. Specifically, the Individual Defendants fabricated paperwork falsely claiming that Plaintiff Yogendra Peters had menaced Sergeant Fenton, when in fact Sergeant Fenton had unlawfully threatened plaintiffs with deadly force while failing to identify himself as a police officer.

56. By deliberately manufacturing false evidence and forwarding that fabricated evidence to prosecutors, these Defendants caused plaintiffs to be arrested,

detained, charged, and maliciously prosecuted in violation of his rights pursuant to the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, to due process of law and to a fair trial, and are liable to Plaintiff Yogendra Peters under 42 U.S.C. § 1983, for compensatory and punitive damages.

57. These Defendants performed the above-described acts under color of state law, intentionally, with reckless disregard for the truth, and with deliberate indifference to Plaintiffs' clearly established constitutional rights to be free from deprivation of liberty without due process of law.

58. Individual Defendants' actions were willful, malicious, oppressive, and/or reckless, and were of such a nature that punitive damages should be imposed.

59. By virtue of the foregoing, the Individual Defendants are liable under 42 U.S.C. § 1983, for the violation of Plaintiffs' rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and for all resultant damages.

## SEVENTH CLAIM FOR RELIEF
### (N.Y.C Admin. Code §§ 8-801 to 8-807; All Defendants)

60. All preceding and subsequent paragraphs are incorporated by reference.

61. Defendant Fenton unlawfully seized plaintiffs by pointing his firearm directly at them and threatening to shoot them in the face, despite having no legal authority or justification to do so, as he was off-duty, in plain clothes, and had not identified himself as a police officer.

62. Defendant Fenton's unlawful seizure of plaintiffs was based solely on their attempt to defend themselves verbally against his aggressive and threatening behavior.

63. Defendant Fenton and the John Doe defendants falsely arrested plaintiffs without any probable cause or legal justification, detaining them for approximately 41 hours.

64. By the actions described above, defendants, jointly and severally, acting in concert with each other, initiated and continued criminal proceedings against plaintiffs without probable cause.

65. The Individual Defendants caused plaintiffs to be stripped of their personal property, including their phones, tools necessary for their work as mechanics, and their vehicle.

66. The Individual Defendants damaged plaintiffs' property while it was in their custody and control.

67. These actions by the Individual Defendants caused plaintiffs to suffer loss of liberty, emotional distress, and economic damages from their inability to work without their tools and vehicle.

68. The City of New York is directly liable as the employer of the individual defendants under New York City Administrative Code § 8-803(b), including for punitive damages.

69. Qualified immunity is no defense to this claim.

53. As a result of defendants' conduct, plaintiffs suffered damages as set

forth above.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered for all claims:

  i. Awarding plaintiff full and fair compensatory damages as decided by the jury; and

 ii. Awarding plaintiff full and fair punitive damages as decided by the jury; and

iii. Awarding plaintiff reasonable attorney fees pursuant to 42 U.S.C. §1988; and

 iv. Granting such other and further relief as this Court may deem just and proper.

Dated:   New York, New York
         March 20, 2025

                                        ROTH & ROTH, LLP

                                          ~//s//~
                                        _____
                                        Elliot D. Shields, ED3372
                                        *Counsel for plaintiff*
                                        192 Lexington Ave., Suite 802
                                        New York, New York 10016
                                        212-425-1020
                                        eshields@rothandrothlaw.com