UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

SUDESH PETERS AND YOGENDRA PETERS,

                                  Plaintiffs,

-against-

THE CITY OF NEW YORK, GERARD P. FENTON, AND POLICE OFFICERS JOHN DOE #1-10 (the names of whom are presently unknown but who were assigned to the 113th Precinct),

                                  Defendants.

------------------------------------------------------------------------ x

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANT CITY OF NEW YORK**

25-CV-1548 (FB) (JAM)

**JURY TRIAL DEMANDED**

        Defendant City of New York, by its attorney, Muriel Goode-Trufant, Corporation Counsel of the City of New York, as and for its Answer to Plaintiffs' Complaint, filed March 20, 2025 as Docket Entry No. 1, respectfully responds as follows:

        1.     Denies the allegations set forth in paragraph "1" of the Complaint, except admits that Plaintiffs purport to proceed as stated therein.

        2.     Denies the allegations set forth in paragraph "2" of the Complaint.

        3.     Denies the allegations set forth in paragraph "3" of the Complaint, except admits that Plaintiffs purport to proceed as stated therein.

        4.     Denies the allegations set forth in paragraph "4" of the Complaint, except admits that Plaintiffs purports to invoke jurisdiction as stated therein.

        5.     Denies the allegations set forth in paragraph "5" of the Complaint, except admits that Plaintiffs purports lay venue as stated therein.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "6" of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Denies the allegations set forth in paragraph "8" of the Complaint, except admits that that the City of New York is a municipal corporation organized under the laws of the State of New York.

9. Denies the allegations set forth in paragraph "9" of the Complaint and respectfully refers the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between the City and the New York City Police Department ("NYPD").

10. Denies the allegations set forth in paragraph "10" of the Complaint, except admits that on or about December 9, 2023, Defendant Gerard P. Fenton employed by the NYPD, but was off-duty.

11. Denies the allegations set forth in paragraph "11" of the Complaint.

12. Denies the allegations set forth in paragraph "12" of the Complaint.

13. Denies the allegations set forth in paragraph "13" of the Complaint.

14. Denies knowledge or information to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Denies knowledge or information to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16. Denies knowledge or information to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17. Denies the allegations set forth in paragraph "17" of the Complaint.

18. Denies the allegations set forth in paragraph "18" of the Complaint, except admit that Sergeant Fenton was wearing civilian clothes on December 9, 2023.

19. Denies the allegations set forth in paragraph "19" of the Complaint.

20. Denies the allegations set forth in paragraph "20" of the Complaint.

21. Denies the allegations set forth in paragraph "21" of the Complaint.

22. Denies the allegations set forth in paragraph "22" of the Complaint.

23. Denies the allegations set forth in paragraph "23" of the Complaint.

24. Denies the allegations set forth in paragraph "24" of the Complaint.

25. Denies the allegations set forth in paragraph "25" of the Complaint.

26. Denies the allegations set forth in paragraph "26" of the Complaint.

27. Denies the allegations set forth in paragraph "27" of the Complaint.

28. Denies the allegations set forth in paragraph "28" of the Complaint.

29. Denies the allegations set forth in paragraph "29" of the Complaint.

30. Denies the allegations set forth in paragraph "30" of the Complaint, except admit that Plaintiffs were lawfully arrested on December 9, 2023 on charges of, *inter alia*, menacing.

31. Denies the allegations set forth in paragraph "31" of the Complaint

32. Denies the allegations set forth in paragraph "32" of the Complaint.

33. Denies the allegations set forth in paragraph "33" of the Complaint.

34. Denies the allegations set forth in paragraph "34" of the Complaint.

35. Denies the allegations set forth in paragraph "35" of the Complaint.

36. Denies the allegations set forth in paragraph "36" of the Complaint.

37. Denies the allegations set forth in paragraph "37" of the Complaint.

38. Denies the allegations set forth in paragraph "38" of the Complaint.

39. Denies the allegations set forth in paragraph "39" of the Complaint.

40. Denies the allegations set forth in paragraph "40" of the Complaint.

41. Denies the allegations set forth in paragraph "41" of the Complaint.

42. Denies the allegations set forth in paragraph "42" of the Complaint, except admit that Plaintiffs were lawfully charged with, *inter alia*, menacing.

43. Denies the allegations set forth in paragraph "43" of the Complaint, except admit that Plaintiff Sudesh Peters was charged with reckless driving and aggravated unlicensed operation of a motor vehicle.

44. Denies the allegations set forth in paragraph "44" of the Complaint.

45. Denies the allegations set forth in paragraph "45" of the Complaint.

46. In response to the allegations set forth in paragraph "46" of the Complaint, Defendant City repeats and realleges its responses in the preceding paragraphs as if fully set forth herein.

47. Denies the allegations set forth in paragraph "47" of the Complaint.

48. Denies the allegations set forth in paragraph "48" of the Complaint.

49. Denies the allegations set forth in paragraph "49" of the Complaint.

50. Denies the allegations set forth in paragraph "50" of the Complaint.

51. Denies the allegations set forth in paragraph "51" of the Complaint.

52. Denies the allegations set forth in paragraph "52" of the Complaint.

53. Denies the allegations set forth in paragraph "53" of the Complaint.

54. Denies the allegations set forth in paragraph "54" of the Complaint.

55. Denies the allegations set forth in paragraph "55" of the Complaint.

56. In response to the allegations set forth in paragraph "56" of the Complaint, Defendant City repeats and realleges its responses in the preceding paragraphs as if fully set forth herein.

57. Denies the allegations set forth in paragraph "57" of the Complaint.

58. Denies the allegations set forth in paragraph "58" of the Complaint.

59. Denies the allegations set forth in paragraph "59" of the Complaint.

60. Denies the allegations set forth in paragraph "60" of the Complaint.

61. Denies the allegations set forth in paragraph "61" of the Complaint.

62. Denies the allegations set forth in paragraph "62" of the Complaint.

63. Denies the allegations set forth in paragraph "63" of the Complaint.

64. Denies the allegations set forth in paragraph "64" of the Complaint.

65. Denies the allegations set forth in paragraph "65" of the Complaint.

66. In response to the allegations set forth in paragraph "66" of the Complaint, Defendant City repeats and realleges its responses in the preceding paragraphs as if fully set forth herein.

67. Denies the allegations set forth in paragraph "67" of the Complaint.

68. Denies the allegations set forth in paragraph "68" of the Complaint.

69. Denies the allegations set forth in paragraph "69" of the Complaint.

70. Denies the allegations set forth in paragraph "70" of the Complaint.

71. Denies the allegations set forth in paragraph "71" of the Complaint.

72. Denies the allegations set forth in paragraph "72" of the Complaint.

73. Denies the allegations set forth in paragraph "73" of the Complaint.

74. Denies the allegations set forth in paragraph "74" of the Complaint.

75. In response to the allegations set forth in paragraph "75" of the Complaint, Defendant City repeats and realleges its responses in the preceding paragraphs as if fully set forth herein.

76. Denies the allegations set forth in paragraph "76" of the Complaint.

77. Denies the allegations set forth in paragraph "77" of the Complaint.

78. Denies the allegations set forth in paragraph "78" of the Complaint.

79. Denies the allegations set forth in paragraph "79" of the Complaint.

80. Denies the allegations set forth in paragraph "80" of the Complaint.

81. Denies the allegations set forth in paragraph "81" of the Complaint.

82. Denies the allegations set forth in paragraph "82" of the Complaint.

83. In response to the allegations set forth in paragraph "83" of the Complaint, Defendant City repeats and realleges its responses in the preceding paragraphs as if fully set forth herein.

84. Denies the allegations set forth in paragraph "84" of the Complaint.

85. Denies the allegations set forth in paragraph "85" of the Complaint.

86. Denies the allegations set forth in paragraph "86" of the Complaint.

87. Denies the allegations set forth in paragraph "87" of the Complaint.

88. Denies the allegations set forth in paragraph "88" of the Complaint.

89. Denies the allegations set forth in paragraph "89" of the Complaint.

90. In response to the allegations set forth in the second paragraph "53" of the Complaint,[1] Defendant City repeats and realleges its responses in the preceding paragraphs as if fully set forth herein.

---

[1] Plaintiffs' complaint erroneously begins to renumber, starting with the paragraph which would correctly be marked paragraph "90."

91. Denies the allegations set forth in the second paragraph "54" of the Complaint.

92. Denies the allegations set forth in the second paragraph "55" of the Complaint.

93. Denies the allegations set forth in the second paragraph "56" of the Complaint.

94. Denies the allegations set forth in the second paragraph "57" of the Complaint.

95. Denies the allegations set forth in the second paragraph "58" of the Complaint.

96. Denies the allegations set forth in the second paragraph "59" of the Complaint.

97. In response to the allegations set forth in the second paragraph "60" of the Complaint, Defendant City repeats and realleges its responses in the preceding paragraphs as if fully set forth herein.

98. Denies the allegations set forth in the second paragraph "61" of the Complaint.

99. Denies the allegations set forth in the second paragraph "62" of the Complaint.

100. Denies the allegations set forth in the second paragraph "63" of the Complaint.

101. Denies the allegations set forth in the second paragraph "64" of the Complaint.

102. Denies the allegations set forth in the second paragraph "65" of the Complaint.

103. Denies the allegations set forth in the second paragraph "66" of the Complaint.

104. Denies the allegations set forth in the second paragraph "67" of the Complaint.

105. Denies the allegations set forth in the second paragraph "68" of the Complaint.

106. Denies the allegations set forth in the second paragraph "69" of the Complaint.

107. Denies the allegations set forth in the third paragraph "53" of the Complaint.

## **AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

108. The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

109. Any injury alleged to have been sustained resulted from Plaintiffs' own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of Defendant City.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

110. Defendant City has not violated any rights, privileges, or immunities under the Constitution of laws of the United States or the State of New York or any political subdivision thereof, nor has Defendant City violated any acts of Congress providing for the protection of civil rights.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

111. Punitive damages are not recoverable against the City of New York.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

112. Plaintiffs may have failed to mitigate damages.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

113. There was probable cause for Plaintiffs' arrests, detentions, and subsequent prosecutions.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

114. Plaintiffs' claims are barred, in whole or in part, by their own contributory and comparative negligence and by assumption of risk

**WHEREFORE,** defendant the City of New York hereby requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
June 30, 2025

    MURIEL GOODE-TRUFANT
*Corporation Counsel of the City of New York*
*Attorney for the City of New York*
100 Church Street
New York, New York 10007
(212) 356-5052

*Luca Difronzo /s*
Luca Difronzo
*Assistant Corporation Counsel*
New York City Law Department
100 Church Street
New York, NY 10007
Tel.: 212-356-2354
E-mail: ldifronz@law.nyc.gov

**CC: VIA ECF**
Elliot D. Shields
*Plaintiffs' counsel of record*